UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MAURICE WESLEY BOND                                               **Plaintiff**

v.                                            Civil Action No. 3:23-cv-245-RGJ

ROSARIO VERDECIA, *et al.*                                      Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Maurice Wesley Bond filed this *pro se*, *in forma pauperis* 42 U.S.C. § 1983 civil

rights action.  [DE 1].  This matter is before the Court for an initial review of the complaint pursuant

to 28 U.S.C. § 1915(e).  For the reasons set forth below, the Court will dismiss Plaintiff's claims.

## **I.**

In May 2023, Plaintiff filed this *pro* se complaint against Defendants, McDonalds General

Manager Rosario Verdecia, McDonalds Area Supervisor Rachel "Doe," and McDonalds Area

Supervisor Brian Doe based on federal question jurisdiction, 28 U.S.C. § 1331.  [DE 1].  Plaintiff

claims that Verdecia subjected him to gross verbal abuse while he was employed at McDonalds,

and because of that abuse, he filed an internal human resource complaint on September 26, 2022.

Plaintiff alleges that on September 27, 2022, while he was taking a customer's order, Verdecia

interrupted him, yelled at him, and completed the customer's order.  [*Id*. at 6].  Plaintiff represents

that given the interruption in the customer's order, he gave the customer a complimentary drink

cup.  Plaintiff maintains that Verdecia then threatened to terminate his employment, a verbal

argument ensued between them, and Verdecia terminated his employment.  [*Id.*].

Plaintiff alleges that Verdecia asked three other employees to write an internal store

complaint against him to support "her unlawful reasons for terminating my services."  [*Id.* at 6–

7].  She directed the employees to "[t]ell them that [Plaintiff] is using drugs and acting different, and has problems at home.  I give him a chance to work, he acts like he really does a good job.  He does not. . . ." [*Id.* at 7].  Plaintiff asserts that the actions of Verdecia to terminate him "stem mostly from and is a direct reaction to a good customer review regarding myself that was posted on FACEBOOK website about one week prior to 27 September 2022."  [*Id.*].

Plaintiff further asserts that after his termination, Verdecia told customers that "[h]e is on drugs and has problems at home.  He has been acting different the past few weeks."  [*Id.*].  Plaintiff states that when two area supervisors visited the store, witnesses heard Rachel "Doe" state that "[a]ll of these complaints against . . . Verdecia[] are petty and I am not going to bother with it.  As long as she continues to make money for us, that's all that matters."  [*Id.*].  Plaintiff argues that both supervisors "neglected my birthright to redress any grievance in a formal setting" and he "never heard . . . any communication from them."  [*Id.*].

Finally, Plaintiff claims that Verdecia ignored the matter of me having to defend himself against hostile, weapon-wielding customers and her verbal attacks.  Additionally, Plaintiff represents that several former employees have copies of keys to the backdoor of the restaurant. [*Id.*].

Based on these allegations, Plaintiff brings claims against Defendants for violations of "Article 4, Section 4 of the Constitution for the United States of America; 18 United States Code, Subsection 242; 29 United States Code Subsection 654; 1st Amendment to the Constitution for the United States of America; [and] 10th [A]mendment to the Constitution for the United States of America."  [*Id.* at 4].

2

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v.*

3

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).   "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

#### A.  18 U.S.C. § 242

Plaintiff alleges a violation of 18 U.S.C. § 242 which is a criminal statute that does not give rise to any private civil cause of action.  *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress.").  "Where a statute does not include this sort of explicit 'right-or duty-creating language,' [courts] rarely impute to Congress an intent to create a private right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002); *see also*, *e.g.*, *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that plaintiff had no private right of action under either criminal statute 18 U.S.C. §§ 241 or 242).  To the extent Plaintiff's citation of this criminal statute might be read to seek the initiation of criminal charges, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors[.]" *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").  Consequently, Plaintiff's claim based on this statute will be dismissed for failure to state a claim.

**B. 29 U.S.C. § 654**

Plaintiff alleges a violation of the Occupational Safety and Health Act ("OSHA") pursuant

to 29 U.S.C. § 654 which provides:

> a) Each employer--
>         (1) shall furnish to each of his employees employment and a place of
> employment which are free from recognized hazards that are causing or are likely
> to cause death or serious physical harm to his employees;
>         (2) shall comply with occupational safety and health standards promulgated
> under this chapter.
>         (b) Each employee shall comply with occupational safety and health
> standards and all rules, regulations, and orders issued pursuant to this chapter which
> are applicable to his own actions and conduct.

29 U.S.C. § 654.

Title 29 U.S.C. § 654 was enacted as a provision of OSHA. *Nasuti v. U.S. Sec'y of State*

*John Forbes Kerry*, 137 F. Supp. 3d 132, 139 (D. Mass. 2016). "While that statute was enacted

for the benefit of a particular group, employees, . . .OSHA contains no explicit private right of

action." *Id.* at 139–40. "Instead, the statute prescribes a comprehensive regulatory scheme for

ensuring employer compliance with OSHA." *Id.* at 140. "The Occupational Safety and Health

Administration is empowered to inspect places of employment, issue citations and penalties and

seek injunctive relief to prevent and rectify violations of the statute and its attendant regulations."

*Id.* (citing 29 U.S.C. §§ 657-59, 662); *see also Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir.

2010) (per curiam) (affirming dismissal with prejudice of Perez's claim under § 1915(e)(2)(B)

because, among other reasons, the Fifth Circuit has "held that OSHA does not give rise to a private

cause of action" (citation omitted)); *Valdez v. Joy Techs.*, 29 F.3d 623, 623 (5th Cir. 1994) (per

curiam) (affirming district court's Rule 12(b)(6) dismissal of Valdez's 29 U.S.C. § 654 claim

because "this statute does not authorize a private right of action"); *Haddix v. CentraSol, LLC*,

No. 3:20-CV-1995-X-BT, 2021 WL 3476811, at *2 (N.D. Tex. July 21, 2021).

Accordingly, the Court finds 29 U.S.C § 654 provides no private cause of action and will dismiss the claim for failure to state a claim upon which relief may be granted.

### C.  Constitutional Claims

Plaintiff asserts claims under U.S. Const. art. IV, § 4 and the First and Tenth Amendments to the United States Constitution.  [*Id.* at 4].  Plaintiff has no cause of action directly under the Constitution.  "'The Constitution does not directly provide for damages; thus, in order to sustain his constitutional causes of action, [plaintiff] must proceed under one of the statutes authorizing damages for constitutional violations.'"  *Watkins v. Wave 3*, No. 3:16-CV-286-DJH, 2016 WL 4708487, at *2 (W.D. Ky. Sept. 7, 2016) (quoting *Sanders v. Prentice-Hall Corp.*, No. 97-6138, 1999 WL 115517 (6th Cir. Feb. 8, 1999)).  "Title 42 U.S.C. § 1983 provides the exclusive remedy for pursuing the constitutional violations alleged by Plaintiff."  *Watkins*, 2016 WL 4708487, at *2 (citing *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989)).  Therefore, the Court construes Plaintiff's claims as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Nance v. Mayfield Plaza Apartments Mgmt.*, No. 5:22-CV-P164-JHM, 2023 WL 3854911, at *3 (W.D. Ky. June 6, 2023); *Landon v. Smith*, No. 4:20-CV-3-JHM, 2020 WL 3798861, at *1 (W.D. Ky. July 7, 2020); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

Under § 1983, "a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).  Section 1983 typically cannot be used to bring an action against a private citizen, like Defendants in this action.  "Only if the alleged infringement of federal rights is fairly attributable to the state may private persons be held to be state actors."  *Jones v. Bowles*, No. 3:18-CV-567-CHB, 2019 WL

6

2375138, at *1–2 (W.D. Ky. June 5, 2019) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).   The Sixth Circuit has recognized four tests to aid courts in determining whether challenged conduct is fairly attributable to the State: (1) the nexus test or symbiotic relationship test; (2) the public function test; (3) the state compulsion test; and (4) the entwinement test.  *Jones*, 2019 WL 2375138, at *1–2 (citing *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014)). Nothing in the complaint shows that Defendants are state actors, i.e., acted under color of state law.  Therefore, the constitutional claims must be dismissed for failure to state a claim upon which relief may be granted.

### D.  State-Law Claims

In as much as Plaintiff raises state-law defamation, slander, and liable claims against Verdecia, the Court declines to exercise its supplemental jurisdiction over these claims.  *See* 28 U.S.C. § 1367(c)(3).  Those claims will be dismissed without prejudice.

### IV.

For these reasons, the Court will dismiss the action by separate Order.

Date:  September 6, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc:  Plaintiff, *pro se*
A961.014

7